IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIREILLE KOTOKLO, | ) |
|                 Plaintiff, | ) Case No. 1:20-cv-00635 |
| v. | ) Honorable Joan B. Gottschall |
| ROBERT KARPINSKI AND DEPAUL UNIVERSITY, | ) Magistrate Judge M. David Weisman |
|                 Defendants. | ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE, *INSTANTER*, CERTAIN EXHIBITS TO THEIR LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE UNDER SEAL**

Defendants ROBERT KARPINSKI and DEPAUL UNIVERSITY (collectively, "Defendants"), by and through their undersigned attorneys, in accordance with Local Rule 26.2 and the Agreed Confidentiality Order entered by this Court on March 26, 2020 (ECF Nos. 12, 13), submit the following Motion for Leave to File, *Instanter*, Certain Exhibits to Their Local Rule 56.1(a)(3) Statement of Material Facts as to Which There Is No Genuine Issue Under Seal. In support of this Motion, Defendants state as follows:

1. On March 26, 2020, this Court entered an Agreed Confidentiality Order. (ECF No. 13.) The Agreed Confidentiality Order states, in relevant part:

> 1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.
>
> 2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories…: (d) medical information concerning any individual; . .

> . (g) personnel or employment records of a person who is not a party to the case.
>
> 3.  Designation. (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE" on the document and on all copies in a manner that will not interfere with the legibility of the document.
>
> \* \* \*
>
> 7.  Filing of Confidential Information. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

(*See* ECF No. 13 at ¶¶ 1, 2, 3, and 7.)

2. On March 12, 2021, Defendants filed their Motion for Summary Judgment. (ECF Nos. 60-63.)

3. Local Rule 26.2(c) provides:

> Sealing Motion for Documents filed Electronically. Any party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief or other submission must: (1) provisionally file the document electronically under seal; (2) file electronically at the same time a public-record version of the brief, motion or other submission with only the sealed document excluded; and (3) move the court for leave to file the document under seal. The sealing motion must be filed before or simultaneously with the provisional filing of the document under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the court without notice.

4. In filing their Motion for Summary Judgment, Defendants' Local 56.1(a)(3) Statement of Material Facts as to Which There Is No Genuine Issue ("Facts") cites to exhibits containing medical information and employment records and information regarding individuals who are not parties to this case.

5. In accordance with Local Rule 26.2 and the Agreed Confidentiality Order,

Defendants provisionally filed under seal: (a) the Deposition Transcript of Dilnessa Eshete, at Appendix A.450; (b) portions of the Deposition Transcript of Isabel Diaz, at Appendix A. 323; (c) portions of the Deposition Transcript of Robert Karpinski, at Appendix A. 259; (d) portions of the Deposition Transcript of Ashley McMullin, at Appendix A. 403; and (e) portions of the Rule 30(b)(6) Deposition Transcript of Ashley McMullin, at Appendix A. 426.

6. In accordance with Local Rule 26.2 and the Agreed Confidentiality Order, Defendants excluded the Deposition Transcript of Dilnessa Eshete from their filing, and redacted the other documents noted above in their filing (and included only break sheets).

7. Contemporaneously with the filing of this Motion, Defendants will provide to Plaintiff and the Court, in complete and non-redacted form, copies of the documents referenced in Paragraph 5, above.

**WHEREFORE**, Defendants ROBERT KARPINSKI and DEPAUL UNIVERSITY respectfully request that the Court enter an Order granting this motion and allowing Defendants to file, *instanter*, the above-referenced exhibits under seal.

DATED: March 12, 2021

Respectfully submitted,

By: _/s/ Joseph T. Charron Jr._
One of the Attorneys for Defendants
DEPAUL UNIVERSITY AND ROBERT KARPINSKI

Katherine A. Manuel (ARDC No. 6315551)
Joseph T. Charron, Jr. (ARDC No. 6322454)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*katherine.manuel@ogletree.com*
*joseph.charron@ogletree.com*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 12, 2021, he filed the foregoing *Defendants' Motion for Leave to File, Instanter, Certain Exhibits to Their Local Rule 56.1(a)(3) Statement of Material Facts as to Which There is No Genuine Issue Under Seal* electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> Fitzgerald T. Bramwell, Esq.
> **LAW OFFICES OF FITZGERALD BRAMWELL**
> 225 West Washington, Suite 2200
> Chicago, Illinois 60606
> *bramwell@fitzgeraldbramwell.com*
>
> *Attorney for Plaintiff*

/s/ Joseph T. Charron Jr.
One of the Attorneys for Defendants
DEPAUL UNIVERSITY AND ROBERT KARPINSKI

46365881.1