**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIREILLE KOTOKLO, | ) |
| Plaintiff, | ) Case No. 1:20-cv-00635 |
| v. | ) Honorable Joan B. Gottschall |
| ROBERT KARPINSKI AND DEPAUL UNIVERSITY, | ) Magistrate Judge M. David Weisman |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
LEAVE TO FILE CERTAIN EXHIBITS UNDER SEAL**

**INTRODUCTION**

Plaintiff's opposition Defendants' Motion for Leave to File Certain Exhibits Under Seal ("Motion") is perplexing given the nature of the redactions at issue. Defendants are not trying to hide anything, as Plaintiff suggests – Defendants have simply attempted to protect the privacy of non-parties by redacting sensitive medical and employment information from certain deposition transcripts filed in connection with Defendants' Motion for Summary Judgment. In opposing Defendants' Motion, Plaintiff's counsel appears to be advocating for the public disclosure of sensitive medical and employment information of individuals who are not parties to this case. To be clear, exposing such sensitive information would serve no purpose other than potential embarrassment. Good cause exists to file certain material under seal, and Defendants have not waived the ability to seek such relief from the Court.

**ARGUMENT**

**I. GOOD CAUSE EXISTS FOR FILING CERTAIN MATERIAL UNDER SEAL.**

Contrary to Plaintiff's assertions, good cause exists to file portions of certain deposition transcripts under seal, as required by Local Rule 26.2. As set forth in the chart summarizing

Defendants' redactions, they are minimal. (ECF No. 71.) Defendants identified sections in some of the transcripts from this case where deponents discussed sensitive medical information about one individual, and sensitive employment information about two other individuals. These individuals are not parties to this case, and non-party personnel records and medical information are encompassed within the Confidentiality Order entered in this case. (ECF No. 13.)

Moreover, Plaintiff is not prejudiced by Defendants' request – both the Court and Plaintiff received complete, un-redacted versions of all transcripts filed with Defendants' summary judgment motion. Rather, Plaintiff's insistence that the Court unseal the material is consistent with Plaintiff's counsel's prior antics of public disclosure in this case. (*See* DePaulia Article Quoting Jerry Bramwell, attached hereto as **Exhibit A** (including quotes from depositions taken in this matter).)

## II. DEFENDANTS DID NOT WAIVE THEIR RIGHT TO SEEK LEAVE TO FILE CERTAIN EXHIBITS UNDER SEAL.

Plaintiff curiously argues Defendants effectively waived their ability to ask the Court to seal certain portions of deposition transcripts because Defendants did not mark the transcripts "Confidential." This argument is not supported by authority – indeed, nothing in the Confidentiality Order entered in this case prohibits Defendants from seeking leave to file under seal in these circumstances. Rather, Paragraph 7 provides:

> 7. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

(ECF No. 13.) Nor do the Local Rules require a party to exhaust certain steps before filing a motion for leave to file something under seal. (*See* LR 26.2 ("The court may for good cause shown enter an order directing that one or more documents be filed under seal.").) More importantly,

*Plaintiff* marked certain portions of these deposition transcripts "Confidential" (*e.g.*, certain parts addressing an individual's medical condition). (*See* ECF Nos. 63-15, 69 at pp. 31-33, A.459.) Plaintiff's waiver argument is disingenuous and unsupported.

### Conclusion

Defendants ROBERT KARPINSKI and DEPAUL UNIVERSITY respectfully request that the Court enter an Order granting Defendants' Motion and allowing Defendants to file under seal certain exhibits supporting their motion for summary judgment.

DATED: April 1, 2021

Respectfully submitted,

By:   /s/ Katherine A. Manuel
     One of the Attorneys for Defendants
     DEPAUL UNIVERSITY and ROBERT KARPINSKI

Katherine A. Manuel (ARDC No. 6315551)
Jennifer H. Kay (ARDC No. 6226867)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*katherine.manuel@ogletree.com*
*jennifer.kay@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 1, 2021, she filed the foregoing *Reply in Support of Defendants' Motion for Leave to File Certain Exhibits Under Seal* electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> Fitzgerald T. Bramwell, Esq.
> **LAW OFFICES OF FITZGERALD BRAMWELL**
> 225 West Washington, Suite 2200
> Chicago, Illinois 60606
> *bramwell@fitzgeraldbramwell.com*
>
> *Attorney for Plaintiff*

/s/ Katherine A. Manuel
One of the Attorneys for Defendants
DEPAUL UNIVERSITY and ROBERT KARPINSKI

46624817.1